IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDRE HENRY | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-362 |
| J. RAY ORMOND, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 8th day of November, 2017, upon independent consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), the Respondents' Response (Doc. No. 11), Petitioner's Response (Doc. No. 12), the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 14), and Petitioner's Objections to the Report and Recommendation (Doc. No. 16), it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections are **OVERRULED**;[1]

---

[1] In his Objections, Petitioner attempts to invoke equitable tolling to excuse the untimeliness of Claims Two and Three of his habeas petition. Specifically, he alleges that he is entitled to equitable tolling between the time that his judgment become final on October 31, 2011 and the time that he filed his first PCRA petition on July 30, 2012, because he was "placed in Administrative Custody (SHU) for non-disciplinary reasons and had <u>absolutely no access</u> to Legal Materials, Law Library or Writing Stationary or Addresses." (Objections at p. 1 (emphasis in original).) In determining whether equitable tolling should be granted, the Court must address two questions: (1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (same). Petitioner has not satisfied either of these elements.

First, courts in the Third Circuit have repeatedly found that the difficulties of prison life, such as transfers or solitary confinement, do not qualify as extraordinary circumstances

3. Claim One of the Petition for Writ of Habeas Corpus is **STAYED** pending exhaustion of that claim in the PCRA proceeding currently underway in the Pennsylvania courts;

4. Petitioner and counsel for Respondents shall notify this Court within **30 days** of the final decision in his PCRA petition;

5. Claims Two and Three of the Petition are **DENIED AND DISMISSED WITH PREJUDICE**;

---

warranting equitable tolling. See, e.g., McKeithan v. Varner, 108 F. App'x 55, 58–59 (3d Cir. 2004) ("generalized allegations of restricted access to legal resources," without more, do not establish a basis for equitable tolling); Coker v. U.S., No. 13-0349, 2016 WL 310751, at *5 (D.N.J. Jan. 26, 2016) (stating that difficulties of prison life, like transfers, standing alone do not warrant equitable tolling); U.S. v. Green, No.0-0271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.") (citations omitted). "It is not enough that a petitioner be denied access to critical legal information or materials for a discrete period of time within the statute of limitations period; a petitioner must demonstrate some extraordinary circumstances caused his inability to file a timely petition." United States v. Bronson, No. 03-87, 2009 WL 1813177, at *6 (W.D. Pa. June 25, 2009).

Second, even if I were to find that extraordinary circumstances existed, Petitioner has not demonstrated that he was reasonably diligent in bringing his claims. Although Petitioner claims that "[t]hrough diligence, the Petitioner consist[e]ntly wrote the now retired Honorable Judge Timmons about counsel abandoning issues, not responding to correspondence and their replacement all to no avail," his attached exhibits show that these letters were sent on March 9, 2010 and July 12, 2011, prior to his conviction becoming final. (Objections at p.1 & Exhibits.) Petitioner offers nothing to explain why—despite knowing that he had already used up a substantial part of his one-year federal time limit prior to filing his PCRA petition—he waited an additional 199 days after the Pennsylvania Supreme Court denied PCRA relief to file his habeas petition. See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (noting that a petitioner's five-month delay after a PCRA dismissal is the type of lack of diligence that bars the use of equitable tolling; Alicia v. Karestas, No. 07-3183, 2008 WL 4108056, at *4 (E.D. Pa. Aug. 28, 2008) (holding that petitioner's delay of four and a half months after the dismissal of is PCRA appeal before filing his habeas petition for no apparent reason other than a vague allegation of "medical incapacity" shows a lack of reasonable diligence).

6. There is no basis for the issuance of a certificate of appealability.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____
**MITCHELL S. GOLDBERG, J.**